UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
HECTOR GONZALEZ,                                                        :
:
                               Plaintiff,    :    20-CV-7338 (JMF) (SLC)
:
              -v-                                 :                  <u>ORDER</u>
:
COMMISSIONER OF SOCIAL SECURITY,                                        :
:
                               Defendant.    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Earlier today, the Court received a letter, attached as Exhibit A, from Plaintiff Hector Gonzalez, which appears to consist of a notice of overpayment Mr. Gonzalez received from the Social Security Administration, dated December 14, 2020. Mr. Gonzalez is reminded that all communications should be mailed to the Pro Se Intake Unit, 40 Centre Street, Room 105, New York, NY 10007.

      Defendant shall promptly mail a copy of this Order to Plaintiff and file proof of such service on the docket.

      SO ORDERED.

Dated: January 4, 2021
       New York, New York                         JESSE M. FURMAN
                                                          United States District Judge

# EXHIBIT A

# Social Security Administration
## Supplemental Security Income
Notice of Overpayment

SOCIAL SECURITY
7714 17 AVENUE
BROOKLYN, NY 11214-1102
Date: December 14, 2020
BNC#:
CPO

HECTOR GONZALEZ

Dear HECTOR GONZALEZ

We are writing to let you know that we have paid you $6,296.00 too much special interim benefit payment relief under the Sharpe v. Sullivan, 79 CIV 1977 (CSH) (S.D.N.Y.) court order. The overpayment happened 04/2019 through 08/2020.

You received special interim benefit payments under the Sharpe v. Sullivan, 79 Civ 1977 (CSH) (S.D.N.Y.) court order while your hearing was pending. The special interim benefit payments you received are an overpayment since your hearing decision was unfavorable.

Later in this letter, we'll give you a detailed explanation of your overpayment.

You must pay us back unless we decide you shouldn't have to pay us back or we are wrong about the overpayment. If you think you shouldn't have to pay us back or disagree with the decision about the overpayment, you can:

- Ask for a waiver if you believe the overpayment was not your fault, or
- Ask for an appeal if you believe the facts of the overpayment are wrong, or
- Do both.

This letter will tell you more about these things you can do.

**If You Think You Shouldn't Have To Pay Us Back**

SPECIAL MESSAGE FOR OVERPAYMENTS BETWEEN MARCH AND SEPTEMBER 2020: We temporarily suspended processing and collection of some overpayments between March and September 2020. We did this because of the national public health emergency caused by the coronavirus (COVID-19) pandemic. If you were overpaid between March and September 2020, you may request a waiver, and we may find that you do not have to repay some or all of the overpayment. Please contact your local Social Security office by phone to request a waiver. You can find the telephone number for your local office below in this letter.

You may not have to pay us back. Sometimes we can waive the collection of an overpayment, which means you won't have to pay us back. For us to waive the collection of your overpayment, two things have to be true.

- It wasn't your fault that you got too much SSI money.

See Next Page

<u>AND</u>

- Paying us back would mean you can't pay your bills for food, clothing, housing, medical care, or other necessary expenses, or it would be unfair for some other reason.

If you think these are true about you, contact any Social Security office. You can ask for a waiver at any time by completing the waiver form and returning it to us. The form is called Request for Waiver of Recovery or Change in Repayment Rate, Form SSA-632. We will be happy to help you fill out the form. If you ask for waiver in the next 30 days, we will not withhold your payments until we decide if we can waive collection. If you ask for waiver after that time, we will stop collecting the overpayment while we decide if we can waive collection

## If You Disagree With The Decision

If you do not agree with this decision, you have the right to appeal. We will review your case and look at any new facts you have. A person who did not make the first decision will decide your case. We will review the parts of the decision that you think are wrong and correct any mistakes. We may also review the parts of our decision that you think are right. We will make a decision that may or may not be in your favor.

- You have 60 days to ask for an appeal in writing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason if you wait more than 60 days to ask for an appeal.

- You can file an appeal with any Social Security office. You must ask for an appeal in writing. Please use our "Request for Reconsideration" form, SSA-561. You may go to our website at www.socialsecurity.gov/online/ to find the form SSA-561. You can also contact us by phone, mail, or come into an office to request the form. If you need help to fill out the form, we can help you by phone or in person.

## How To Appeal

There are three ways to appeal. <u>You can pick the one you want. If you meet with us in person, it may help us decide your case</u>.

- <u>Case Review</u>. You have a right to review the facts in your file. You can give us more facts to add to your file. Then we will decide your case again. You won't meet with the person who decides your case.

- <u>Informal Conference</u>. You'll meet with the person who decides your case. You can tell that person why you think you're right. You can give us more facts to help prove you're right. You can bring other people to help explain your case.

- <u>Formal Conference</u>. This is a meeting like an informal conference. The difference is we can make people come to help prove you're right. We can make them bring important

papers about your case, even if they don't want to help you. You can question these people at your meeting

### If You Want Help With Your Appeal

You may choose to have a representative help you. We will work with this person just as we would work with you. If you decide to have a representative, you should find one quickly so that person can start preparing your case.

Many representatives charge a fee only if you receive benefits. Others may represent you for free. Usually, your representative may not charge a fee unless we approve it. Your local Social Security office can give you a list of groups that can help you find a representative.

If you get a representative, you or that person must notify us in writing. You may use our Form SSA-1696 "Appointment of Representative." Any local Social Security office can give you this form.

### How To Pay Us Back

There are two ways you can pay us back.

- You can send us a check or money order for the full amount of your overpayment. Make the check or money order out to the Social Security Administration. Be sure to put your Social Security claim number on it. Please use the enclosed envelope to mail the check or money order to us. Also, be sure to enclose the payment stub with the check or money order.

<div align="center">OR</div>

- If you can't send us the full amount now, send as much as you can. Then contact any Social Security office. You can pay the rest of the money you owe by making monthly payments.

If you can't pay us in full, please contact us in the next 30 days. You'll need to tell us how you plan to pay us back.

### If You Receive Social Security Payments

The law allows us to collect the Supplemental Security Income money owed us from Social Security benefits. We can do this when the overpaid person is no longer receiving SSI payments but is receiving Social Security benefits. Before we reduce the Social Security benefit, we will send a notice telling you:

- How much the reduction will be; and

- When the reduction will begin; and

- When you will begin to receive your full regular monthly payment.

## A Detailed Explanation Of The Overpayment

### Overpayment Summary

We overpaid you $6,296.00. The following table shows how your payment changed each month. The first column lists the month(s) we paid you incorrectly. The next column shows the amount we paid you for each month. The last column, Correct Amount for Each Month shows the amount we should have paid you for each month.

| Month | Incorrect Amount Paid | Correct Amount Due |
| --- | --- | --- |
| April 2019 | $368.00 | $0.00 |
| May 2019 | $368.00 | $0.00 |
| June 2019 | $368.00 | $0.00 |
| July 2019 | $368.00 | $0.00 |
| August 2019 | $368.00 | $0.00 |
| September 2019 | $368.00 | $0.00 |
| October 2019 | $368.00 | $0.00 |
| November 2019 | $368.00 | $0.00 |
| December 2019 | $368.00 | $0.00 |
| January 2020 | $373.00 | $0.00 |
| February 2020 | $373.00 | $0.00 |
| March 2020 | $373.00 | $0.00 |
| April 2020 | $373.00 | $0.00 |
| May 2020 | $373.00 | $0.00 |
| June 2020 | $373.00 | $0.00 |
| July 2020 | $373.00 | $0.00 |
| August 2020 | $373.00 | $0.00 |

### Why You Were Overpaid

You received special interim benefit payments under the Sharpe v. Sullivan, 79 Civ 1977 (CSH) (S.D.N.Y.) court order while your hearing was pending. The special interim benefit payments you received are an overpayment since your hearing decision was unfavorable.

PAYMENT STUB

To help us credit your record, please fill out this form and return it with your payment in the enclosed envelope.

NAME: HECTOR GONZALEZ

ACCOUNT NUMBER: █████

AMOUNT DUE: $6,296.00

ENTER AMOUNT ENCLOSED $_____

IN MATTER 20-CV-7338 (AMF) (SLC)

