```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
  HECTOR GONZALEZ,                                        :
                                                          :
                                                          :   **MEMORANDUM DECISION AND**
                          Plaintiff,                      :   **ORDER**
                                                          :
              - against -                                 :   21-cv-287 (BMC)
                                                          :
                                                          :
  COMMISSIONER OF SOCIAL SECURITY,                        :
                                                          :
                                                          :
                          Defendant.                      :
----------------------------------------------------------X
```

**COGAN**, District Judge.

Plaintiff *pro se* seeks review of the decision of an Administrative Law Judge that he is ineligible to receive supplemental security income because he has $15,000 in assets and the limit for eligibility purposes is $2000. The problem in this proceeding is that he did not follow the directions in the notice advising him of the ALJ's unfavorable decision. Specifically, the notice told him that that if he disagreed with the ALJ's opinion, he had to seek Appeals Council review within 60 days. It also told him that if did not avail himself of that review option, he would not have the right to review in federal court. Instead of appealing to the Appeals Council within 60 days, plaintiff commenced a review proceeding in the Southern District of New York more than five months later, and that court transferred it to me. The Commissioner has moved to dismiss the case for failure to exhaust, and that motion is before me.

Plaintiff filed a document in opposition to the Commissioner's motion, but the opposition does not address the Commissioner's point. Plaintiff may be attempting to explain why his assets should not count towards his eligibility; his story appears to be that he transferred those assets to Russia to obtain a mail order bride, an argument that the ALJ found not credible (or not

proven or not relevant, or some combination of those).  But plaintiff doesn't address why he didn't present his argument to the Appeals Council before seeking review in federal district court.

I am willing to indulge plaintiff's *pro se* status, but I am unable to do anything for him in this situation.  The statute says I have review of "final" decisions of the Commissioner.  See 42 U.S.C. § 405(g).  The regulations specify that judicial review of a "final decision" is limited to one that results from the completion of the multi-step administrative process.  20 C.F.R. § 422.210.  Plaintiff went as far as an Administrative Law Judge but he never went beyond that.  In addition, although I recognize that exhaustion can be waived, none of the grounds for waiver – which were addressed and explained to him in the Commissioner's motion – apply here.[1]  See Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997) (grounds for waiver are "(1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm."); Pavano v. Shalala, 95 F.3d 147, 150-51 (2d Cir. 1996) (same).

In response to my request for clarification of what happens if I grant the Commissioner's motion, the Commissioner has explained what plaintiff must do to obtain judicial review, and it is not complicated.  Plaintiff has to go back and file his appeal from the ALJ's decision with the Appeals Council.  As part of that, he needs to demonstrate a good reason for not having timely filed that appeal (for example, perhaps he can show that he did not timely receive notice of the ALJ's decision), in which case the Appeals Council, if it accepts that reason, will hear the late appeal.  If, on the other hand, the Appeals Council dismisses the appeal as untimely, or if it decides to hear the claim but then denies it, plaintiff will have exhausted his administrative

---

[1] The Commissioner also duly served plaintiff with the Local Civil Rule 12.1 notice required in *pro se* cases.

remedies and he will have 60 days to file an action for review in this Court (Eastern District of New York, not Southern District of New York).

The Commissioner's motion to dismiss the complaint for failure to exhaust administrative remedies is therefore granted, and the case is dismissed.[2]

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      April 29, 2021

---

[2] Besides his "opposition" to the Commissioner's motion to dismiss, plaintiff filed another motion on a form entitled "Motion for Judgment on the Pleadings." That motion is denied as moot in light of this disposition.